**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LOFTY COFFEE, INC.<br>a California corporation | ) )<br>) | |
| Plaintiff, | ) )<br>) | |
| vs. | ) )<br>) | Case No.: 16-3869 |
| | ) )<br>) | **COMPLAINT** |
| STAND COFFEE, LLC<br>a Delaware Limited Liability Company | ) )<br>) )<br>) | (Jury Demand) |
| BUDIN LTD.<br>a New York corporation | ) )<br>) )<br>) | |
| SWALLOW CAFE, INC.<br>a New York corporation | ) )<br>) )<br>) | |
| STRANGE BREW CAFE INC.<br>a New York corporation | ) )<br>) )<br>) | |
| LITTLE SKIPS LLC<br>a New York Limited Liability Company | ) )<br>) )<br>) | |
| ASTORIA COFFEE AND TEA SHOP, INC.<br>a New York corporation | ) )<br>) )<br>) | |
| PEDDLER COFFEE LLC<br>a New York Limited Liability Company | ) )<br>) )<br>) | |
| Defendants. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Lofty Coffee, Inc. (hereinafter "LOFTY"), by its attorneys, for its Complaint

against Defendants Stand Coffee, LLC (hereinafter "STAND"), Budin Ltd. (hereinafter

"BUDIN"), Swallow Cafe, Inc. (hereinafter "SWALLOW CAFÉ"), Strange Brew Café Inc.

(hereinafter "STRANGE BREW CAFÉ"), Little Skips LLC (hereinafter "LITTLE SKIPS"),

Astoria Coffee and Tea Shop, Inc. (hereinafter "ASTORIA COFFEE AND TEA SHOP"), and

Peddler Coffee LLC (hereinafter "PEDDLER") alleges the following on information and belief:

## NATURE OF THE CASE

1.      This is an action for (i) trademark infringement and (ii) unfair competition, under federal

law.

2.      LOFTY seeks injunctive relief, damages, and other relief against the Defendants.

## THE PARTIES

3.      LOFTY is a corporation organized and existing under the laws of the state of California,

with its principal place of business located at 97 North Coast Highway 101, Encinitas, California

92024. LOFTY does business under the name Lofty Coffee Co.

4.      STAND is a limited liability company organized and existing under the laws of the state

of Delaware, with its principal place of business in Brooklyn, New York.

5.      BUDIN is a corporation organized and existing under the laws of the state of New York,

with its principal place of business in Brooklyn, New York.

6.      SWALLOW CAFÉ is a corporation organized and existing under the laws of the state of

New York, with its principal place of business in Brooklyn, New York.

7.      STRANGE BREW CAFÉ is a corporation organized and existing under the laws of the

state of New York, with its principal place of business in Brooklyn, New York.

8.      LITTLE SKIPS is a limited liability company organized and existing under the laws of

the state of New York, with its principal place of business in Brooklyn, New York.

9.      ASTORIA COFFEE AND TEA SHOP is a corporation organized and existing under the

laws of the state of New York, with its principal place of business in Queens, New York.

10.     PEDDLER is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business in Manhattan, New York.

11.     The Defendants STAND, BUDIN, SWALLOW CAFÉ, STRANGE BREW CAFÉ, LITTLE SKIPS, ASTORIA COFFEE AND TEA, and PEDDLER (hereinafter DEFENDANTS) are believed to market, sell and/or distribute coffee products in association with the "LOFTED" name.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction of this action under 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), and (d).

13.     This Court has personal jurisdiction over DEFENDANTS because DEFENDANTS are actively engaged in business within this or an adjoining district, and are currently making, roasting, brewing, marketing, selling and/or distributing coffee products in association with the "LOFTED" name in this or an adjoining district.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c), and (d) because DEFENDANTS are subject to personal jurisdiction in this district.

## THE LOFTY TRADEMARKS

15.     In or around 2011, LOFTY began using the trademark "LOFTY" within the United States in a manner that affected or involved both intrastate and interstate commerce. For example, in or around May 2011, LOFTY began actively using the trademark "LOFTY" within and among the United States in connection with coffee and coffee based products and services. LOFTY is now currently actively engaged in commercializing products and services, including coffee; coffee based beverages; coffee beans; coffee roasting and processing; tea; tea based beverages; tea

3

leaves for making tea; sandwiches; salads; fruit juice based drinks; and bakery goods, namely, breads, muffins, pies, pastries, tortes, cakes, cookies, and granolas; catering services; coffee bars; coffee shops; and restaurant services, namely, providing of food and beverages for consumption on and off the premises, using the "LOFTY" or "LOFTY COFFEE" or "LOFTY COFFEE CO." trademarks (hereinafter "THE TRADEMARKS").

16.     LOFTY uses and/or has used THE TRADEMARKS, including in connection with online sales of coffee products, within and among the individual states of the United States, including New York, California, Illinois, Virginia, Wisconsin, Oregon, Florida, Hawaii, Idaho, Ohio, Nevada, Michigan, New Hampshire, Massachusetts, Maryland, Arizona, Texas, Washington, Colorado, New Mexico, Minnesota, Delaware, North Carolina, and Alabama, as well as Washington, D.C.

17.     Since in or around 2011, LOFTY has spent significant amounts of money, time, and effort advertising and promoting its goods and services using THE TRADEMARKS, as well as using the mark "LOFTY COFFEE CO." prominently as its corporate name.

18.     On October 23, 2012, LOFTY applied for the federal registration of the trademark "LOFTY COFFEE CO." as a word mark, and "LOFTY COFFEE CO." as a word and design mark. The federal registrations for the "LOFTY COFFEE CO." trademarks issued to LOFTY on July 2, 2013. A copy of the registrations are attached hereto as Exhibit 1.

19.     The goods and services for which the "LOFTY COFFEE CO." trademarks were granted are for catering services; coffee bars; coffee shops; and restaurant services, namely, providing of food and beverages for consumption on and off the premises.

20.     On December 9, 2013, LOFTY applied for a third federal registration of the trademark "LOFTY COFFEE CO.", as a word mark. This federal registration for the "LOFTY COFFEE

4

CO." trademark issued to LOFTY on March 31, 2015. A copy of the registration is attached

hereto as Exhibit 2.

21.     The goods and services for which the "LOFTY COFFEE CO." trademark was granted are

for coffee roasting and processing.

22.     The "LOFTY COFFEE CO." trademarks are valid and in full force and effect.

### DEFENDANTS' INFRINGEMENT

23.     Subsequent to LOFTY's accrual of trademark rights within the United States, LOFTED

COFFEE, LLC (Plaintiff in the related case No. 1:16-cv-02146-RRM-CLP, filed April 29, 2016)

began marketing and commercializing its services and products using the term "LOFTED" on or

affixed to or in association with its products and marketing materials. The front of the bags in

which "LOFTED" coffee is sold indicates LOFTED was founded in 2014, stating "Founded

014", as shown in Exhibit 3.

24.     LOFTED has used and currently uses the term "LOFTED" in connection with the

roasting, processing, marketing and/or sale of coffee products, which use is in the same field in

which LOFTY operates and exists and uses THE TRADEMARKS.

25.     According to LOFTED's website (accessed at http://www.loftedcoffee.com), LOFTED's

approach is to procure and roast fresh-crop coffee, which LOFTED then packages, markets and

sells in bags displaying the "LOFTED" name to DEFENDANTS' cafés in New York City (in

Brooklyn, Queens, and Manhattan), as well as to café's in Illinois, Rhode Island, Virginia, and

Washington, D.C.

26.     LOFTY sells and/or has sold online coffee products in association with, including in

packaging displaying, THE TRADEMARKS to customers in locations where "LOFTED" brand

5

coffee products are sold, including New York (including Brooklyn), Illinois, Ohio, Virginia, and Washington, D.C.

27.     The term "LOFTED" is phonetically substantially similar to the trademark "LOFTY".

28.     The spelling of the term "LOFTED" is substantially similar to the trademark "LOFTY" with the replacement of the letter "Y" with the letters "ED".

29.     The term "LOFTED" when presented in typed form is visually substantially similar to the appearance of the term "LOFTY", and therefore gives a substantially similar visual impression.

30.     LOFTED's website is www.loftedcoffee.com which differs by the presence of "ed" instead of the "y" in LOFTY's website www.loftycoffee.com.

31.     LOFTED and DEFENDANTS use the "LOFTED" mark(s) in the same channels of trade that LOFTY uses THE TRADEMARKS.

32.     LOFTED's and DEFENDANTS' use of the "LOFTED" mark(s) has caused actual confusion, where customers or potential partners confuse one company for the other.

33.     As a consequence of the close spellings of "LOFTED" and "LOFTY", search engines such as Google.com confuse "LOFTED" for "LOFTY". For example, a search for the terms "LOFTED COFFEE" yields "LOFTY COFFEE CO." as a search result, as shown in Exhibit 4.

34.     LOFTED's and DEFENDANTS' use of the "LOFTED" mark(s) in sales and marketing is without LOFTY's authorization and is likely to and is causing the public to be confused, deceived, or mistaken regarding the source or sponsorship of the parties' products and/or services.

## FIRST CLAIM FOR RELIEF

### Infringement of Federally Registered Trademark and Service Mark

35.     LOFTY realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

36.     LOFTED adopted and along with DEFENDANTS continues to use in commerce mark(s) confusingly similar to LOFTY's federally registered trademarks, with LOFTED's full knowledge of LOFTY's superior rights, and with full knowledge that their infringing use of LOFTY's federally registered marks has caused and/or is likely to cause confusion, mistake and/or deception.

37.     LOFTED and DEFENDANTS offer their goods and services under the infringing mark(s) in the same channels of trade as those in which LOFTY's goods and services are offered.

38.     LOFTED's and DEFENDANTS' infringing use of mark(s) confusingly similar to LOFTY's federally registered marks is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of its goods and services with LOFTY, in violation of 15 U.S.C. § 1114.

39.     As a result of LOFTED's and DEFENDANTS' infringement, LOFTY has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by LOFTY in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which LOFTY has no adequate remedy at law. LOFTY will continue to suffer irreparable harm unless this Court enjoins DEFENDANTS' conduct.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)

40.     LOFTY realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

41.     LOFTED's and DEFENDANTS' unauthorized and tortious conduct has deprived and will continue to deprive LOFTY of the ability to control the consumer perception of its products and services offered under THE TRADEMARKS, placing the valuable reputation and goodwill of LOFTY in the hands of LOFTED and DEFENDANTS.

42.     LOFTED's and DEFENDANTS' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of LOFTED's goods and services with LOFTY, and to cause confusion, mistake or deception as to the origin, sponsorship or approval of LOFTED's goods and services with LOFTY, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)

43.     As a result of LOFTED's and DEFENDANTS' conduct, LOFTY has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by LOFTY in THE TRADEMARKS. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which LOFTY has no adequate remedy at law. LOFTY will continue to suffer irreparable harm unless this Court enjoins DEFENDANTS' conduct.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LOFTY requests a jury trial of all issues that may be tried to a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, LOFTY prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to:

1.      Entry of an order (on a preliminary and permanent basis) requiring that DEFENDANTS and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(a) Using in any manner the "LOFTED" mark(s), or any name, mark or domain name that wholly incorporates the "LOFTED" mark(s) or is confusingly similar to or a colorable imitation of the mark(s);

(b) Using or displaying the "LOFTED" logo on any websites, products, or promotional materials in any false and/or deceptive manner;

 (c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of LOFTY's products or services as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between LOFTED and LOFTY;

(d) Making any representations, express or implied, that LOFTED is affiliated with LOFTY or that LOFTY sponsors or approves of LOFTED's products or services.

2.      Ordering DEFENDANTS to preserve through trial and then deliver up for destruction, pursuant to 15 U.S.C. § 1118, all Internet webpages / scripts / html code, articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids,

9

receptacles, templates or other matter in the possession, custody, or under the control of

DEFENDANTS or their agents bearing the LOFTED mark(s), in any manner, or any mark that is

confusingly similar to or a colorable imitation of the mark(s) or THE TRADEMARKS;

3.      Ordering DEFENDANTS to retain and disclose all communications with all

individuals and entities with whom they engaged in any transaction relating to or arising from

the use of LOFTED's name or mark(s);

4.      Directing DEFENDANTS to provide an accounting of profits made by

DEFENDANTS as a result of DEFENDANTS' unlawful conduct;

5.      Ordering DEFENDANTS, pursuant to 15 U.S.C. § 1116(a), to file with this Court

and serve upon LOFTY within thirty (30) days after entry of an injunction a written report under

oath describing in detail the manner and form in which DEFENDANTS have complied with the

injunction, including ceasing all offering of goods and services under LOFTED's name and

mark(s) as set forth above;

6.      Ordering DEFENDANTS to pay a judgment in the amount of LOFTY's actual

damages under 15 U.S.C. § 1117, as well as DEFENDANTS' profits, and pre- and post-

judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

7.      Granting LOFTY such other and further relief as the Court deems just and proper.

Respectfully submitted,


Dated: July 11, 2016                    /s/  MS5870

                                        Michael G. Sullivan
                                        PEQUIGNOT + MYERS LLC
                                        62 Valley Road
                                        Westport, CT 06880
                                        Phone: 202-674-4900
                                        Facsimile:  202-328-2219
                                        msullivan@pmiplaw.com


10

Matthew A. Pequignot
*Pro Hac Vice Admission in Progress*
PEQUIGNOT + MYERS LLC
90 North Coast Highway 101
Suite 315
Encinitas, CA 92024
Phone: 202-328-1200
Facsimile:  202-328-2219
mpequignot@pmiplaw.com


*Attorneys for Plaintiff Lofty Coffee, Inc.*